IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHARLES RAY GOSS | § | |
|     TDCJ-CID #1518278 | § | |
| v. | § | C.A. NO. C-12-307 |
| | § | |
| BRAD LIVINGSTON | § | |

## OPINION AND ORDER OF DISMISSAL

This civil rights action was filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam) (citations omitted). Plaintiff's *pro se* complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's claims are dismissed with prejudice for failure to state a claim or as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), and § 1915A(b)(1).

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Upon consent of plaintiff, (D.E. 9), this action was referred to a United States Magistrate Judge to conduct all further pleadings, including entry of final judgment. (D.E. 10);

see also 28 U.S.C. § 636(c).

## II. FACTUAL ALLEGATIONS

Plaintiff Charles Ray Goss is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), and is currently incarcerated at the W-6 Work Camp in Beeville, Texas.  He filed his original complaint on September 24, 2012, alleging that the TDCJ-CID is violating his constitutional rights because it awards him good-time credits, rather than cash, for the work he performs at the trusty camp.  (D.E. 1).  He explains that, because he is ineligible for release to mandatory supervision, the earned good-time credits are of no value to him because he cannot use them to obtain earlier release.  He contends that, because the work time credits cannot be used to reduce his sentence, they are of no value to him, and that he is effectively being forced to work without just compensation.  Id. at 4.  Plaintiff has identified Brad Livingston, Executive Director of the TDCJ, as the sole defendant in this action.

A Spears[1] hearing was held on October 22, 2012.  The following allegations were made in plaintiff's original complaint, (D.E. 1), or at the hearing:

On May 6, 2008, plaintiff was incarcerated for a non-violent offense, possession of less than one gram of cocaine, and sentenced to five years in the TDCJ-CID.  However, due to a prior conviction for assault with a deadly weapon, he is not eligible for mandatory supervised release.

Plaintiff has worked throughout his time in prison.  Instead of earning money, the TDCJ-CID awards him work-time or good-time credits.  He has now been incarcerated for 52 months, and, were he eligible for parole, he would be entitled to release to mandatory supervision

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

because his flat time served plus work-time or good-time credits now equals the length of his prison sentence.[2]

On May 13, 2012, plaintiff submitted a Step 1 and a Step 2 grievance requesting payment for work he had performed. (D.E. 1, at 7-8, 9-10). The grievances were rejected as non-grievable issues. Id. at 8, 10. He also submitted a CL-147 resolution dispute form. Id. at 12. In a response dated June 11, 2012, plaintiff was informed that he would not receive any payment: "It is the policy of TDCJ to grant work time in lieu of payment for work done while the offender is incarcerated." Id.

Plaintiff contends that, because he cannot use work-time credits to obtain an earlier release, he should be paid in cash for the work he has performed. He argues that the TDCJ-CID's refusal to pay him amounts to a violation of his constitutional rights.

### III. DISCUSSION

**A. Legal Standard.**

Federal law provides for *sua sponte* dismissal if the Court finds that the complaint is frivolous or that it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B), § 1915A(a); 42 U.S.C. § 1997e(c). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

It is well established that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v.

---

[2] According to Texas law, inmates that are not excluded from mandatory release consideration are eligible for release on parole when the inmate's actual calender time served plus good conduct time equals one-fourth of the sentence imposed or 15 years, whichever is less. Tex Gov't Code Ann. § 508.145(f).

Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. Id. (citation omitted).

**B.     Plaintiff Cannot Sue Brad Livingston Or The TDCJ-CID For Money Damages.**

Plaintiff is suing Brad Livingston, as Executive Director of the TDCJ, for money damages.  However, a suit against a state actor in his or her official capacity is, for all intensive purposes, a suit against the state itself.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  The Eleventh Amendment is a jurisdictional bar to a suit for money damages against a state.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  Indeed, the Fifth Circuit has repeatedly held that the Eleventh Amendment bars claims for money damages against TDCJ officers in their official capacities.  See, e.g., Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002).  Accordingly, to the extent plaintiff is suing Brad Livingston in his official capacity for money damages, his claims are barred by the Eleventh Amendment, and those claims are dismissed.

**C.     Plaintiff Has Failed To State A Cognizable § 1983 Claim.**

The Fifth Circuit has explained that "[t]he Constitution does not guarantee an inmate good time credit for satisfactory behavior while in prison." Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (citing Wolff v. McDonnell, 418 U.S. 539, 557 (1974)).  Similarly, a Texas inmate does not earn good-time credit simply for good behavior; a Texas inmate may earn good-

4

time credit only if prison officials find that the inmate is actively engaged in an agricultural, vocational, or educational endeavor, in an industrial program or other work program, or in a treatment program.  See Tex. Gov't Code § 498.003.  Good-time credit serves two functions in Texas: (1) it determines a prisoner's mandatory supervision release date (if he is eligible for early release on mandatory supervision parole); and (2) depending on the nature of his underlying offense, it advances a prisoner's date of eligibility for early release on discretionary parole.  5 Chad P. Van Brunt, Texas Criminal Practice Guide § 101.03[3] (2012).  Thus, good-time credit does not reduce an inmate's sentence, but instead relates only to his eligibility for early release.  See Tex. Gov't Code § 498.003(a); Ex parte Henderson, 645 S.W.2d 469, 472 (Tex. Crim. App. 1983) (en banc).

Texas law has long provided that good-time credit earned by an inmate is a privilege and not a right.  See Tex. Rev. Civ. Stat. art. 6181-1, § 4 (1985); see also Tex. Gov't Code § 498.003(a) (governing the accrual of good-time credit today).  As a privilege, an inmate does not have a protected liberty interest in earning good-time credits.  However, once earned, a prisoner does have a due process interest in those credits, but only in the context of having earned credits taken away or forfeited.  See Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir. 2000) (only sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest).

As plaintiff recognizes, under Texas law, inmates serving sentences for certain crimes are not eligible for release to mandatory supervision.  His prior conviction for assault with a deadly weapon renders him ineligible for mandatory release consideration.  See Tex. Gov't Code

§ 508.149(a)(7) (a person is ineligible for mandatory supervision if he has been previously convicted of assault with a deadly weapon).  Because plaintiff is not eligible for mandatory supervision, he has no constitutionally protected interest in those credits, and as such, he fails to state a cognizable § 1983 claim for relief.

Moreover, nothing in the Constitution prevents prison officials from requiring a prisoner to work.  See Ali v. Johnson, 259 F.3d 317, 318 (5th Cir. 2001); see also Moody v. Baker, 857 F.2d 256, 258 (5th Cir. 1988 (per curiam) ("a work assignment alone does not rise to a constitutional violation"); Kossie v. Crain, 602 F. Supp. 2d 786, 793 (S.D. Tex. 2009) ("nothing in the Constitution prevents prison officials from requiring a prisoner to work").  Indeed, the Fifth Circuit has held "that forcing inmates to work without pay, and compelling them to work on private property without pay, do not violate" the Constitution.  Ali, 259 F.3d at 318; Kossie, 602 F. Supp. 2d at 793.

## IV.  CONCLUSION

For purposes of § 1915A, taking all of plaintiff's as true, he fails to state a cognizable constitutional violation.  Accordingly, plaintiff's action is dismissed with prejudice for failure to state a claim or as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

ORDERED this 1st day of November 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE